IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MAURICE HOWARD, | ) | CIVIL NO. 13-00645 SOM/KSC |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER GRANTING IN PART MOTION TO DISMISS |
| vs. | ) ) | |
| THE HERTZ CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER GRANTING IN PART MOTION TO DISMISS**

**I.      INTRODUCTION.**

Defendant The Hertz Corporation ("Hertz") moves to dismiss claims against it in the Third Amended Complaint filed on July 23, 2014. At the hearing on the motion, Plaintiff Maurice Howard agreed to the dismissal of claims against Hertz based on vicarious liability or the doctrine of respondeat superior and alleging intentional infliction of emotional distress. Counts IV through X, therefore, are dismissed as asserted against Hertz, leaving for this court's consideration on the present motion only Howard's claims for negligent supervision, negligent training, and negligent retention. These claims are sufficiently alleged, and Hertz's motion to dismiss is denied with respect to those claims. Howard agreed at the hearing on the motion that those claims were premised on Hertz's alleged negligence with respect only to Akina, not to any other employee.

## II.        FACTUAL BACKGROUND.

Howard, a Hertz customer, alleges that Hertz employees posted things on Facebook that constituted "an attack on [his] race, sexual orientation, and financial state and condition." ECF No. 66, PageID # 496.

On February 27, 2012, Defendant Shawn Akina, a Hertz employee, allegedly posted on his Facebook page, "I seen Maurice's bougie ass walking kahului beach road . . . nigga please!". Id., PageID # 497. A number of Akina's Facebook "friends," including Defendants Samantha Chun, Veronica Huard, and Ryan Cabebe, all Hertz employees, allegedly posted comments on Akina's page. Id., PageID # 559. According to Howard, Akina described the subject of his original post as "a broke ass faka who act like he get planny money," and Chun responded by posting a comment stating, "run that faka over!!! lol." Id., PageID # 497. Akina later allegedly responded, "i was tempted too, but nah, i had a white car, neva like u guys scrub da blood off." Id. Huard allegedly commented, "What no BMW for h today?" Akina allegedly followed up by posting, "now he knows we got mercedes, he's gunna drive those. it's too bad his CC declines all the time." Id., PageID # 498. Cabebe also allegedly posted a comment stating, "Hahahaha . . . he still renting huh LOL." Id. Huard allegedly later commented, "No more Troy his favorite boy though! Sorry Troy!" Id.

In connection with the Facebook posts, Howard has asserted the following claims against Hertz in his Third Amended Complaint: negligent supervision (Count I); negligent retention (Count II); negligent training (Count III); assault (Count IV); racial and sexual orientation discrimination (Count V); publication of private facts and violation of safe harbor laws (Count VI); libel per se (Count VII); public disclosure of private facts (Count VIII); intentional infliction of emotional distress (Count IX); and negligent infliction of emotional distress (Count X). Id., PageID # 504-15. Hertz is sued on a respondeat superior theory in Counts IV, V, VI, VII, VIII, and X.

On August 29, 2014, Hertz moved to dismiss the Third Amended Complaint for failure to state a claim upon which relief can be granted. See ECF No. 69.

**III.     RULE 12(b)(6) STANDARD.**

Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). However, courts may "consider certain materials--documents attached to the complaint, documents

3

incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss. See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996). Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v.

Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677.

## IV. ANALYSIS.

### A. Howard's Factual Allegations Are Sufficient To Support His Negligent Supervision Claim.

In considering negligent supervision claims, Hawaii courts have looked to the Restatement (Second) of Torts § 317. See Dairy Rd. Partners v. Island Ins. Co., Ltd., 92 Haw. 398, 426-27, 992 P.2d 93, 121-22 (2000). Section 317 states:

> A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if
>
> (a) the servant
>
> (i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or
>
> (ii) is using a chattel of the master, and
>
> (b) the master
>
> (i) knows or has reason to know that he has the ability to control his servant, and
>
> (ii) knows or should know of the necessity and opportunity for exercising such control.

Under Hawaii law, "[t]he key to any claim for negligent training or supervision is foreseeability[,]" meaning that "the employer cannot be held liable as a matter of law" if the employer "has not been put on notice of the necessity for

6

exercising a greater degree of control or supervision over a particular employee."  Otani v. Cnty. of Haw., 126 F. Supp. 2d 1299, 1308 (D. Haw. 1998).

In his Third Amended Complaint, Howard limits his negligent supervision claim against Hertz to Hertz's supervision of Akina, alleging that Hertz "failed, neglected, and, or refused to supervise, and or discipline Akina, while having knowledge of his character, personality and, or proclivities." ECF No. 66, PageID # 504.  Howard alleges that District Manager Rose Fernandez knew that Shawn Akina had "posted hostile statements and information about a customer and herself . . . on Facebook on two previous occasions[.]"  ECF No. 66, PageID # 504.  Howard further alleges that Akina's Facebook posts were acts "committed outside the scope of [his] employment," as required to state a claim for negligent supervision.  Id.

Howard also alleges that Akina, at the time of the alleged negligent supervision, was using property belonging to Hertz.  Howard states that there is "evidence to suggest that the computer which Akina and other location managers use . . . at the Hertz Maui location, may have been used, for at least part, of the posting by Akina against Howard."  ECF No. 66, PageID # 503.

In its Motion to Dismiss, Hertz contends that Howard does not allege sufficient facts regarding Akina's use of a Hertz computer and Hertz's knowledge of the need to supervise Akina.

7

See ECF No. 69-1, PageID # 565-67.  However, at this stage, Howard only needs to present factual allegations that "raise a right to relief above the speculative level." Twombly, 550 U.S. 555; see also Fed. R. Civ. P. Rule 8(a) (stating that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief").  Howard has alleged that Akina used a Hertz computer to make at least some of the Facebook posts, and that Hertz knew of Akina's history and propensity for posting "hostile statements and information" about customers.  ECF No. 66, PageID # 504.  Taking the allegations as true, the court concludes that Howard's factual allegations are sufficient to support his negligent supervision claim.

### B. Howard's Factual Allegations Are Sufficient To Support His Negligent Retention Claim.

As this court noted in Dowkin v. Honolulu Police Dep't, No. 10-00087 SOM/RLP, 2012 WL 3012643 (D. Haw. July 23, 2012), the elements of a negligent retention claim under Hawaii law have not yet been clearly established. Id. at *3.  Assuming for the purposes of this motion that such a claim may be examined in the way an ordinary negligence claim would be, which is what the Hawaii Supreme Court appears to have done in Doe Parents No. 1 v. State, Department of Education, 100 Haw. 34, 58 P.3d 545 (2002), this court concludes that Howard has alleged sufficient facts to support his claim.

In his Third Amended Complaint, Howard alleges that Hertz had a duty to suspend or terminate Akina's employment after it became aware that Akina had previously posted "hostile and harassing content" on Facebook about a customer and a Hertz District Manager. ECF No. 66, PageID # 505. Howard alleges that the breach of this duty caused him to sustain various injuries and losses. Id., PageID # 505. These allegations, if true, support a claim that Hertz negligently retained Akina. See Dairy Rd. Partners, 92 Haw. at 419, 992 P.2d at 114 (noting that the elements of a negligence claim are (1) duty, (2) breach of that duty, (3) legal causation, and (4) actual damage).

### C. Howard's Factual Allegations Are Sufficient To Support His Negligent Training Claim.

Like the elements for a negligent retention claim, the elements for a negligent training claim have not been clearly established under Hawaii law. Hawaii courts have, however, found that claims for negligent training, like those for negligent supervision, require the plaintiff to establish foreseeability, i.e., "that the 'employer knew or should have known of the necessity and opportunity for exercising such control.'" Otani, 126 F. Supp. 2d, at 1308 (quoting Abraham v. S.E. Onorato Garages, 50 Haw. 628, 639 (1968)). The employer must be "put on notice of the necessity for exercising a greater degree of control or supervision over a particular employee" in order to be held liable as a matter of law. Id. Assuming that, in addition

9

to the foreseeability requirement, negligent training requires the satisfaction of ordinary negligence principles, Howard has alleged sufficient facts to support his claim.

Howard sufficiently alleges that Hertz knew or should have known of the need to exercise greater control over Akina. Howard alleges that Akina posted "hostile and harassing content" on Facebook about a Hertz customer and Hertz manager in the past. It is therefore at least plausible that similar conduct in the future may have been foreseeable. ECF No. 66, PageID # 501.

Howard also alleges that, after Hertz managers became aware of Akina's propensity for publically posting information about Hertz customers, Hertz had a duty to train employees about this conduct. See ECF No. 66, PageID # 499, 506. Howard says that the breach of this duty caused his injuries and damages. Id., PageID # 506. These allegations, taken as true, are sufficient to support a negligent training claim.

**V.    CONCLUSION.**

With Howard's agreement, the court grants Hertz's motion to dismiss Counts IV through X as asserted against Hertz. The motion is denied with respect to Howard's claims against Hertz of negligent supervision (Count I), negligent retention (Count II), and negligent training (Count III) with respect to Hertz's handling of its employee, Akina.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 23, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Howard v. The Hertz Corporation, et al., Civ. No. 13-00645 SOM/KSC; ORDER GRANTING IN PART MOTION TO DISMISS.